Submitted September 13, affirmed December 15, 2021, petition for review denied April 21, 2022 (369 Or 675)

In the Matter of A. R. M. H.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

N. C. N.
and N. H.,
*Appellants.*

Jackson County Circuit Court
17JU10140, 19JU07605;
A175285 (Control), A175286

In the Matter of C. F. H.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

N. H.,
*Appellant.*

Jackson County Circuit Court
20JU01052; A175288

501 P3d 90

Benjamin M. Bloom, Judge.

Shannon Storey, Chief Defender, Juvenile Appellate Section, and Sean Connor, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant N. H.

G. Aron Perez-Selsky and Michael J. Wallace filed the brief for appellant N. C. N.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and E. Nani Apo, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Shorr, Judge, and Powers, Judge.

PER CURIAM

Affirmed.

**PER CURIAM**

Mother appeals a juvenile court judgment changing the permanency plan as to her two children, A and C, from reunification to adoption. Father likewise appeals the change in plan as to his child with mother, A. Although mother raises several assignments of error, the substance of her challenge is to the finding that DHS made reasonable efforts toward returning the children to her care.[1] Father likewise challenges the juvenile court's finding that DHS's efforts as to him were reasonable.

Neither party has requested *de novo* review, and such review is not warranted in this case. Rather, we review whether the evidence, as supplemented and buttressed by permissible derivative inferences and considered in the light most favorable to the juvenile court's disposition, was sufficient to support the juvenile court's conclusions. *Dept. of Human Services v. M. K.*, 285 Or App 448, 450, 396 P3d 294, *rev den*, 361 Or 885 (2017).

Although a detailed discussion would not benefit the bench and bar, we are satisfied that the record supports the juvenile court's conclusion that DHS made reasonable efforts as to both parents.

Affirmed.

---

[1] In her third and fourth assignments of error, mother challenges the juvenile court's finding that she had not made sufficient progress for the children to be returned to her care; however, DHS argues that she did not preserve that challenge below and, in all events, she does not offer any substance to that argument beyond her challenge to the reasonable efforts finding. Her challenge to the change in plan in her fifth and sixth assignments of error likewise does not consist of any additional argument. Accordingly, we focus on mother's challenge to the reasonable efforts finding.